UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DEAN GARDINI, | CASE NO. _____ |
| Plaintiff, | |
| vs. | |
| NESTLÉ PURINA PETCARE COMPANY, | COMPLAINT WITH JURY DEMAND |
| Defendant. | |

## INTRODUCTION

1.      This is an action by plaintiff against defendant alleging that Plaintiff was demoted and eventually terminated because of his age in violation of the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 626 *et seq*. and the Iowa Civil Rights Act (ICRA), Iowa Code Chapter 216.

## PARTIES

2.      Dean Gardini (hereinafter "Gardini") was at all times material hereto a resident of Fort Dodge, Webster County, Iowa, and was at all times material hereto an employee of Nestlé Purina PetCare Company, and at the time of his termination was 48 years old.

3.      Nestlé Purina PetCare Company (hereinafter "Nestlé") is a corporation organized under the laws of the State of Missouri and doing business in the State of Iowa.  The address of its Iowa location is 2400 Fifth Avenue South, Fort Dodge, Iowa  50501, and the address of the corporate office is Checkerboard Square, St. Louis, Missouri  63164.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper under 28 U.S.C. § 1331 as the matter involves a federal question under the ADEA.  The Court's supplemental jurisdiction is invoked pursuant to 29 U.S.C. § 1367.

5.      Venue is appropriate in this court pursuant to 42 U.S.C. §§ 1391(b)(1) and (b)(2) because this is the district where the Defendant primarily does business and where the acts giving rise to this complaint occurred.

## PROCEDURAL PREREQUISITES

6.      Plaintiff timely filed his administrative complaints with the Iowa Civil Rights Commission which was cross-filed with the EEOC and was issued right to sue letters attached hereto and incorporated herein by reference as Exhibits "A" and "B".

## FACTS

7.      Gardini's date of birth is January 12, 1955.

8.      Gardini began working for Nestlé in May 3, 1978.

9.      Gardini had been a supervisor at Nestlé since 1982 and had been employed as the Packaging Supervisor from 1995 until his termination.

10.     Gardini had been assigned to the dayshift from 1996 until he was terminated.

11.     When the Fort Dodge Nestlé plant would close due to slow sales, Gardini was forced to take his paid time off.

12.     Younger supervisors with fewer years of service and less experience were allowed to come to work and found odd jobs around the plant.

13.     When Gardini questioned this practice, he was told that the young guys would not have to start out taking vacation and the younger employees could take their vacation when they wanted a vacation.

14.     Gardini was also told that he had to use his vacation time because he had been at Nestlé so long and had plenty of vacation time to use.

15.     His supervisor stated, "You old timers need to use up your vacation during the time when the plant isn't running."

16.     Gardini was passed over a management position in favor of another employee who only had two years of experience with Nestlé and was twenty-five years old at the time the management position was filled.

17.     The management position was never advertised, and Gardini was not given an opportunity to apply for the position despite is many years of service at Nestlé.

18.     On June 19, 2003, Gardini's supervisor, Brian Koopman (hereinafter "Koopman"), asked to speak with Gardini.

19.     During this meeting, Gardini was informed that he was being move to the night shift and that several younger employees with one or two years of experience were being left on the day shift.

20.     On June 20, 2003, Gardini asked to speak with Koopman about moving to the night shift.

21.     Gardini was curious as to why he was being moved and the younger employees with much less experience were being kept on the day shift.

22.     Koopman told Gardini, "You are not party of the first string anymore. Like in baseball, the old timers need to be put out to pasture or move on."

23.     Koopman also informed Gardini that the move to the night shift and that he would never get off the night shift while Koopman was at Nestlé.

24.     Gardini also questioned Koopman about Nestlé's policy of accommodating employees with family difficulties.

25.     At this point, Koopman told Gardini, "I guess you just resigned."

26.     Gardini informed Koopman that he had not resigned and that he was not refusing the assignment on the night shift.

27.     Again, Koopman informed Gardini that he had just resigned and that he needed to turn in his keys and company credit card and leave the premises.

28.     Gardini inquired about the need for a human resources officer to be present because he was being forced to resign.

29.     Koopman informed Gardini that the human resources officer was not necessary because he was resigning.

30.     Gardini was terminated on June 20, 2003.

31.     After his termination, Gardini's job duties were taken over by Kevin Weiss, who was approximately twenty-five years old at that time and only a few years experience as a supervisor with Nestlé.

## COUNT I

### AGE DISCRIMINATION IN EMPLOYMENT ACT (29 U.S.C. § 626 *et seq.*)

32.     Plaintiff incorporates by reference paragraphs 1 through 31 as fully alleged herein.

33.     Gardini's age was a determining factor in Nestlé's refusal to promote Gardini and decision to terminate his employment in violation of 29 U.S.C. § 626 *et seq.*

34.    Nestlé's violation of the ADEA is a proximate cause of Gardini's injuries and was intentional and willful or in reckless disregard for Gardini's rights.

35.    As a proximate cause of Nestlé's actions, as outlined above, Gardini has in the past and will in the future suffer mental and emotional harm, anguish, humiliation, embarrassment, lost wages, and lost earning capacity.

36.    Plaintiff requests relief as more fully set forth below.

## COUNT II

### IOWA CIVIL RIGHTS ACT (IOWA CODE CHAPTER 216)

37.    Plaintiff incorporates by reference paragraphs 1 through 31 as fully alleged herein.

38.    Nestlé discriminated against Gardini based on his age by refusing to promote him and terminating his employment

39.    Nestlé's actions constitute an unfair employment practice within the meaning of the ICRA.

40.    As a proximate result of Nestlé's actions, Gardini has suffered emotional distress, mental anguish, pain and suffering, humiliation, and lost past and future wages and benefits.

41.    Plaintiff requests relief as more fully set forth below.

## RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.    That the court declare the defendant's conduct complained of herein to be in violation of the plaintiff's rights under the ADEA and the ICRA;

B.    That the Court permanently enjoin defendant and its officers from engaging in conduct that violates the ADEA and the ICRA;

C.    That the Court award plaintiff compensatory damages;

D.    That the Court award plaintiff liquidated damages under the ADEA;

E.    That the Court award plaintiff's attorney's fees, interest as provided by law, and

the cots of this action;

F.    That the Court award other relief as it deems just and proper.

## JURY DEMAND

The plaintiff hereby demands trial by jury of all causes herein.

Respectfully submitted,

_____

Michael J. Carroll   PK0013088
Babich, Goldman, Cashatt & Renzo, P.C.
100 Court Avenue, Suite 403
Des Moines, Iowa  50309
Telephone:  (515) 244-4300
Facsimile:  (515) 244-2650

ATTORNEY FOR PLAINTIFF

Original filed.

6